SEBRING, Justice
(dissenting).
I cannot agree with the majority opinion on . rehearing granted. As I understand the record, Duval County instituted an eminent domain proceeding to condemn seven separate parcels of real estate for highway purposes. The appellant was made a party defendant because he was the owner and holder of a separate mortgage on each of the seven parcels to be condemned.
In due course the mortgagee - filed his answer to which he attached copies of the mortgages involved, which were payable in monthly installments of principal and interest, and which contained express con- ■ ditions and limitations on the- right of the mortgagor to anticipate and prepay the indebtedness, as follows:
“Additional principal amounts may be paid in advance and without penalty on any installment due date. But not more *324 than twenty-five per cent (25%) of the originál principal debt, including the installments required hereunder, may be paid in any one loan year. The anticipation of ' any such additional principal amounts shall not decrease the installments maturing thereafter.”
In .his answer, the appellant prayed “that if the land described in the petition * * * shall be taken in this condemnation proceeding, this Court will make and enter its order providing -and adjudging that the lien of said defendant’s respective mortgages * * * will immediately attach to any funds or award which may, by law; be substituted for the mortgaged property, that said liens follow the funds or awards into the registry of the Court and stand in the place and stead of said mortgaged real property, subject to the proper enforcement of said liens by appropriate proceedings * * ”
Subsequently, the cause was tried on the merits, on the petition of the condemnor, the answers of the property owners and the mortgagee, and certain stipulations filed by the parties consenting to the entry of a verdict and judgment as to each parcel of land involved. ‘After the rendition of the verdict and judgment, the mortgagee petitioned the trial court, pursuant to the provisions, of section 73.12, Florida Statutes 1951, F.S.A. for a determination of his rights in respect to the awards made by the jury to the property owners. In this petition the mortgagee set up the provisions of the mortgages, relating to the manner in which the principal and interest was stipulated to be paid, and averred that he was “entitled to have the several notes and mortgages * * * satisfied in due course according to, and only according to, the express terms and provisions of said notes and mortgages,” that the court was without power “to alter, abrogate or violate any term or provision thereof [and] that any effort by [the] Court or the parties to [the] suit to alter, abrogate, violate or extinguish any rights of said defendant under said mortgages would ‘ be unconstitutional as violating the rights guaranteed and protected by Section 17 of the Declaration of Rights of the [F.S.A.] Constitution of the State of Florida and by Article I, Section 10, of the Constitution of the United States of America which prohibit the application or construction of a State law in such manner as tp impair the obligation of a contract, and would be unconstitutional as violative, of the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and would deprive this defendant of his property held as trustee without due process of law and would deny" said defendant equal protection of the law.”
In the prayer of the petition the mortgagee prayed for the entry of an order decreeing, that the lien of defendant’s respective mortgages, upon payment into the registry of. the.court of the funds awarded to the defendant owners for the property condemned, immediately attach to said funds so awarded and. that said funds are substituted for and stand in the place and stead of the real property condemned, as security for. the payment and discharge by the respective defendant owners of. their contractual obligations with this defendant mortgagee; that defendant mortgagee is entitled to have the respective mortgages and notes of the defendant owners satisfied and paid in due course according to, and only according to, the express terms and provisions of said respective mortgages and notes; and that the court by its order make appropriate provisions to protect and secure the liens of ' this defendant’s respective mortgages and notes upon said funds to be paid into the registry of the court and upon the respective houses which the several defendant owners are entitled to receive, remove and retain, in order that said funds and houses shall stand and remain as security until said respective notes and mortgages shall have been paid and discharged by the several defendant owners, in due course according to, and only according to, the express- terms and provisions of said notes and mortgages.
*325 Motions to dismiss ,and to stride .the petition were filed by certain of the property owners. On the hearing, the trial court entered its order granting said motions, reciting in its order as the basis for the same “* * * that while the liens of the several mortgages held by the defendant mortgagee follow the award moneys into the Registry of the Court, the defendant mortgagee upon payment of the award moneys into the Registry of the Court, must make an election to follow one of two alternative courses, namely, (1) '* * * must elect to receive out of the award moneys in the hands of the Court the full principal balance due under the respective promissory notes and mortgages together with unpaid interest thereon computed only to the date this Court orders distribution of the award moneys, or (2) * * * must release its liens against the award moneys and permit the entire money awards to be paid to the respective mortgagors, in which event the defendant mortgagee must then and thereafter look solely to the respective mortgagors personally, unsecured by the condemned property or by the award moneys, for the payment of the future monthly fixed installments of principal and interest thereafter falling due under said promissory notes and mortgages.”
After the entry of the order the mortgagee took this appeal assigning as grounds for the reversal of the order that the ruling constitutes an unconstitutional alteration, abrogation and violation of the contractual obligations existing between the several owners of the properties and the mortgagee; that it violates the rights guaranteed the mortgagee by the Constitution of Florida and the United States; and that it deprives the mortgagee of his property without due process of law.
, , It is apparent to me from a study of the record that the basic issue presented by the pleadings in the case at bar, with respect to the rights of the mortgagee under his mortgage contract with the property owners, is quite different from the issue that was involved under the pleadings in Shavers v. Duval County, opinion filed June 11, 1954. While in the Shavers case the stipulation for payment of principal and interest was similar, in many respects, to the stipulation contained in the mortgages held and owned by the appellant in the instant case, the mortgagee in the Shavers case, in its answer filed in the condemnation proceedings, set forth the unpaid, principal balance which jby the terms of the mortgage would eventually become due and then affirmatively claimed and asserted that it was presently [73 So.2d 692] “ ‘entitled to be paid said principal balance, together with interest thereon until the maturity [date] of said mortgage.’ ” As is plain from the language in which the answer was couched, .the mortgagee in the Shavers case claimed that as of the date of distribution of the award it was entitled not only to the payment of future principal but also was entitled to interést thereon to maturity. Under these circumstances it was thought by this Court that it would be highly inequitable to give the mortgagee all of its present unpaid, yet not due, principal and still require the mortgagor to pay interest on sums already in the hands of the mortgagee, when under the terms of its note and mortgage the mortgagee was not entitled to interest except oh principal “ ‘remaining from time to time due and unpaid.’ ”
In the instant case the situation is entirely different. Here the mortgagee makes no claim in his pleadings that he is presently entitled to receive the face amount of principal that will become due in the future. He does not, in any particular, assert the claim that he is presently enti-tied to receive the whole of the unpaid principal balance plus an additional sum equal to interest to the maturity of the obligation. All he asks is that his rights in the award be enforced and that his solemn contract with the mortgagors not impaired
It is clear that the mortgagee’s right to stated amounts of > the principal and interest until the maturity date of the mortgages arises, from his contract with the mortgagors, and that Chapter 73, Florida Statutes 1951, does not purport to define *326 the method by which the amounts due under such mortgages on condemned property shall- be computed. Therefore, even though a statutory method is provided by which the mortgagee may become a party to- the eminent domain proceedings and enforce his • lien against the compensation before it comes- into the hands of the owners of the condemned property, it is upon the provisions of his contract with the property owners that the mortgagee must depend for a delineation of his rights and the determination of the nature and 'extent of the liens to.be enforced. Compare Union Savings Institution v. Boston, 129 Mass. 82, 37 Am.Rep. 305.
In the case at bar, the appellant is the owner and holder of seven mortgages which contain stipulations according limited prepayment privileges. These .were given to secure debts that are to be repaid by the several mortgagors on a monthly basis by the payment of specific sums each month to be first applied on interest and the remainder on principal. As I understand the order brought here for review, the court below has held, in effect, that where the holder of such a mortgage attempts by answer in a condemnation proceeding to exercise his right to enforce his lien against an award made to the owner of the property, he is entitled to recover the full amount of the unpaid principal of the mortgage, but cannot recover the interest on the mortgage debt beyond the date the trial court enters an oider decreeing distribution of the- award .to-the owner, mortgagees, judgment creditors and other lienholders.
I cannot agree with this general conclusion. While se.ction 73.01 requires the petitioner in condemnation to make a mortgagee a party defendant, and section 73.06 requires that such defendant shall file an answer or else “be bound by the proceedings,” I find nothing in the controlling statutes which evidences an intent to change, enlarge, or subordinate the respective rights of mortgagees and mortgagors to any greater extent than is implicit in the exercise of the right -by the sovereign to acquire title by eminent domain. ' Indeed, any attempt to affect or alter contractual obligations to any greater degree might well be considered violative of the constitutional prohibitions against impairment of the obligation of contract. Section 17, Declaration of Rights, Florida Constitution, F.S.A., and Article I, section ■ 10, United States Constitution. Ogden v. Saunders, 12 Wheat. 213, 257, 6 L.Ed. 606.
It is settled that the condemnation statutes require the owner of land to relinquish his title and to accept in lieu thereof a “just” or “full” compensation in money for the property that has been taken.. Section 29, Article XVI, and section 12, .Declaration of Rights,, Florida Constitution. It is equally clear that the condemnation statutes, require the holder of a.mortgage to relinquish his lien against the land and to look to the award of the jury for the satisfaction of the lien, because of the superior right of the sovereign power to take the property for the benefit of the whole public. Seaboard All-Florida R. Co. v. Leavitt, 105 Fla. 600, 141 So. 886. But since the exercise by the sovereign of the right to take the property necessarily deprives the mortgagee of a stable form of security -, or collateral and substitutes in its place a cash fund, section 73.12 quite properly permits present enforcement of his lien against that fund. And in proceedings pursuant to the statute, the mortgagee should be -given, so far as possible, the samé rights, present and prospective, as he would have had if events in connection with the- mortgage had pursued their normal-course to the date of the maturity of the debt.
With this in mind, it is -plain that to permit an owner-mortgagor to receive and retain from the jury award the full present value of his land, and require of him only that he pay the interest already accrued on a mortgage on the land up to the date of the order decreeing distribution of a portion of the funds to the mortgagee, would allow the owner to receive and retain more than the “just” or “full” compensation to which he is entitled under the provisions 'of ■ the Constitution, and would deprive the mortgagee of an important in *327 cident of his original bargain, namely, an expectation of continued returns on his investment until the maturity date of the mortgage. On the other hand, to require an owner of condemned property to pay to a mortgagee either the/whole principal, amount of the mortgage or the full sum of unearned interest, each of which items, by the terms of the mortgage, is to be payable in the future, would' impose upon the owner an unjust and • unconscionable burden arising out of a situation not of his own making.
As I view the- matter a> fair, equitable, and constitutional solution of the problem arising from such a situátion-^a solution by which neither party can claim unjust enrichment at the expense of the other, and yet one under which all parties will be made whole — can only be reached by allowing to the mortgagee, conditioned upon his cancellation of the mortgage and the debt for which it was given as security, a sum representing the present value of the mortgage as of the date of the order of distribution. Ordinarily, the determination of present value will be a matter of mere mathematical computation by the trial judge; although I can readily envision certain situations where, on demand of''either party, the empaneling'of a jury-will be nécessary to determine claims or defenses which may arise out of conflicting issues, of fact. But whether the allowance is made by the trial judge or by the jury, the issue to be determined should be the present value of the right to receive payments in. the future according to the terms and conditions of the mortgage. And in determining present value the elements to be taken into consideration should include: (1) the full amount of the accrued principal and interest payments due on the mortgages as of the date "of the order of distribution; (2) the commuted value of future payments on the principal mortgage debt; and (3) the commuted value of future interest on said- future principal payment.
It should be understood, also, that we are dealing here with a case in which the entire property covered by the mortgage lien is being acquired, by the condemning authority and in which the amount awarded the property owner for his land is sufficient to discharge the mortgage debt in accordance with the principles .outlined herein.. I think it would be improper for us to express an opinion as to the proper' decree to be entered in a case wherein the money awarded to the owner of the land is insufficient to satisfy the present value of the debt secured by the mortgage lien; or in a case in which only a small portion of the property covered by the mortgage lien is taken by the condemning authority.
It should be understood that nothing I have said herein is to be construed as precluding the holder of a mortgage on, con-, demned property from electing to waive his mortgage . lien against the land and rely solely upon the terms, of the note for the recovery of the debt.
The question of the right of the mortgagee to receive an’ attorney’s fee for his services in the suit is also before us, but I think that the question must be resolved against the appellant in view of our holding on the issue in Shavers v. Duval County, supra.
From the conclusions I have reached. I am of the opinio,n that we should recede from our prior opinion that this case is ruled, in all respects, by Shavers v. Duval County, supra, and should -hold that, the order appealed from should be affirmed in part and reversed in part for further proceedings in accordance with this opinion.